FILED
2023 Apr-26  PM 04:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| Tadarius Jaquel Johnson, ) | |
| Petitioner, ) | |
| ) | 2:20-cv-08026-LSC |
| v. ) | 2:14-cr-00283-LSC |
| ) | |
| United States of America, ) | |
| Respondent. ) | |

### MEMORANDUM OF OPINION

Pursuant to 28 U.S.C. § 2255 ("§ 2255"), Tadarius J. Johnson ("Johnson") filed with the Clerk of this Court a motion to vacate, set aside, or otherwise correct his sentence. (Doc. 1.) The United States responded in opposition to the motion. (Doc. 6.) For the following reasons, Johnson's § 2255 motion is due to be dismissed.

### I. Background

In August 2014, a grand jury indicted Johnson on one charge of possessing a firearm as a convicted felon. (Cr. Doc. 1.) In October 2014, Johnson entered into, and this Court accepted, a guilty plea as to this charge. (Cr. Doc. 14.) On March 3, 2015, the Court imposed a 37-month prison sentence and a 36-month term of supervised release. (Cr. Doc. 21.)

On February 27, 2019, the Court revoked Johnson's supervised release and sentenced him to 24-months custody with no term of supervised release to follow. (Cr. Doc. 36.) Johnson executed the present § 2255 motion on June 18, 2020, and the Clerk of this Court entered the motion into the record on June 22, 2020. (Doc. 1.)[1]

## II.  Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to 28 U.S.C. § 2255 are limited. A petitioner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result

---

[1] Applying the "mailbox rule," the Eleventh Circuit deems a prisoner's § 2255 motion as filed upon the "date that he delivered it to prison authorities for mailing, presumptively, . . . the day that he signed it." *Jones v. United States*, 304 F.3d 1035, 1038 n.7 (11th Cir. 2002) (per curiam).

in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)).

In litigation stemming from a § 2255 motion, "[a] hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the [movant's] allegations are affirmatively contradicted by the record." *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting *Guerra v. United States*, 588 F.2d 519, 520–21 (5th Cir. 1979)). However, an evidentiary hearing is appropriate if, "accept[ing] all of the petitioner's alleged facts as true," the movant has "allege[d] facts which, if proven, would entitle him to relief." *Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991) (quoting *Agan v. Dugger*, 835 F.2d 1337, 1338 (11th Cir. 1987) and *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir. 1989)).

### III.   Discussion

On July 22, 2020, the Court ordered Johnson to "show cause in writing within thirty (30) days" as to why his "motion should not be dismissed with prejudice as untimely." (Doc. 2.) The Order also contained this warning: "[I]f Johnson fails to comply with this Order, this action

may be dismissed without further proceedings." (*Id.*) Despite having nearly three years to do so, Johnson never responded to the Court's show cause Order. The Court, therefore, will dismiss Johnson's § 2255 motion for his failure to comply with the Court's Order.[2]

## IV.  Conclusion

For the foregoing reasons, Johnson's § 2255 motion to vacate, set aside, or correct a sentence is due to be dismissed.

Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11, Rules Governing § 2255 Proceedings. This Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues

---

[2] Although the electronic docket sheet has an entry entitled "NOTICE of response to SHOW CAUSE ORDER TO PETITIONER," Johnson never responded to the July 22, 2020 Order. (*See* doc. 3.) On July 18, 2020, Johnson mailed an untitled document in which he requested a prompt ruling on his § 2255 motion. (*See id.*) The Clerk happened to enter this document on July 22—the same day as the Court's show cause Order—and gave it an erroneous label.

presented were adequate to deserve encouragement to proceed further." *Miller-EL v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484). This Court finds that Johnson's claim does not satisfy either standard.

The Court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** on April 26, 2023.

L. Scott Coogler
United States District Judge

211211